CT System

**Service of Process Transmittal Form**
Clayton, Missouri

01/31/2003

Via Federal Express (2nd Day)

TO: Dennis K Morgan Vice President/Legal
Southern Union Company
One PEI Center
Wilkes Barre, PA 18711-0601

**RECEIVED FEB - 3 2003**

RE: **PROCESS SERVED IN MISSOURI**

FOR     Southern Union Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Michael's Clothing Company Inc., Pltf. vs SOUTHERN UNION COMPANY DBA MISSOURI GAS ENERGY, Deft. |
| 2. DOCUMENT(S) SERVED: | Summons, Notice, Petition, Entry of Appearance and designation of Lead Counsel |
| 3. COURT: | Circuit Court Jackson County, MO
Case Number 02CV201464 |
| 4. NATURE OF ACTION: | Petition for Property Damage |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Clayton, Missouri |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 01/31/2003 at 08:30 |
| 7. APPEARANCE OR ANSWER DUE: | Within 30 days after service exclusive day of service |
| 8. ATTORNEY(S): | Dean Edward Nash
1100 Main Street
Suite 2900
Kansas City, MO 64105 |
| 9. REMARKS: | Name discrepancy noted. |

CC: Bonny Nalion
Southern Union Company
One PEI Center
Wilkes Barre, PA 18711-0601

SIGNED     CT Corporation System

PER     Bonnie L. Love /CH
ADDRESS     120 South Central Avenue
Suite 400
Clayton, MO 63105
SOP WS 0005108863

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 03CV201464 |
|---|---|
| THOMAS C CLARK | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| MICHAEL'S CLOTHING COMPANY INC | DEAN EDWARD NASH |
| | 1100 MAIN STREET, SUITE 2900 |
| | KANSAS CITY, MO 64105 |
| vs. | (Date File Stamp) |
| Defendant/Respondent: | Court Address: |
| SOUTHERN UNION COMPANY DBA | 415 E 12th |
| MISSOURI GAS ENERGY | KANSAS CITY, MO 64106 |
| Nature of Suit: | |
| CC Property Damage | |

## Summons in Civil Case

The State of Missouri to: SOUTHERN UNION COMPANY DBA MISSOURI GAS ENERGY

SRV: CT CORPORATION
120 S CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

JAN 24 2003  _____
Date                   Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ County, MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____.

(seal)

My commission expires: _____     _____
                        Date              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | (___ miles @ $.___ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

For Court Use Only: Document Id # 03-SMCC-407

OSCA (7-99) SM30 (SMCC)    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:03-cv-00110-ODS   Document 1-1   Filed 02/10/03   Page 2 of 10

# THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## NOTICE OF DISPUTE RESOLUTION SERVICES

### PURPOSE OF NOTICE

As a party to a lawsuit in this court, you have a right to have a judge or a jury decide your case. However, most lawsuits are settled by the parties before trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often, such services are the most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### YOUR RIGHTS AND OBLIGATIONS IN COURT ARE NOT AFFECTED BY THIS NOTICE

Participation in any dispute resolution procedure is entirely voluntary. You will not be penalized if you do not use such a procedure. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use a dispute resolution procedure or not. IF YOU HAVE BEEN SERVED WITH A PETITION OR MOTION FOR MODIFICATION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF A DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE A DISPUTE RESOLUTION PROCEDURE.

### DISPUTE RESOLUTION PROCEDURES

There are several procedures designed to help parties settle lawsuits. Most of the procedures involve the services of a third party, often referred to as a "neutral," who is trained in dispute resolution and is not partial to any party. The services of the neutral are not provided by this court. The services are provided by organizations or individuals who may charge a fee for this help. Some of the well recognized dispute resolution procedures are:

(1) "Arbitration," a procedure in which a neutral persons, typically one person or a panel of three persons, hears both sides and decides the matter. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, select the arbitrator or arbitrators and determine the rules under which the arbitration will be conducted;

(2) "Early neutral evaluation," a process designed to bring together parties to litigation and their counsel in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process;

(3) "Mediation," a process in which a neutral third party facilitates communication between the parties to promote settlement. A mediator may not impose his or her own judgment on the issues for that of the parties;

CIRCT 2030 - 7/97

(4) "Mini-Trial," a process in which each party and counsel present the case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case.

(5) "Summary jury trial," is an informal settlement process in which jurors hear abbreviated case presentations. A judge presides over the hearing, but there are no witnesses, and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict becomes the starting point for settlement negotiations among the parties.

## SELECTING A DISPUTE RESOLUTION PROCEDURE AND NEUTRAL

If the parties agree to use a dispute resolution procedure, they must decide what type of procedure to use and what neutral to select. As a public service, the Kansas City Metropolitan Bar Association ("KCMBA") maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals and organizations that have met qualifications established by the Missouri Supreme Court and have asked to be on the list. It will also provide you with some information about the background and expertise of the persons listed, and will indicate what types of dispute resolution services each person provides. A copy of that list may be obtained by calling 816/474-0837 or writing to:

> Kansas City Metropolitan Bar Association
> Suite 400
> 1125 Grand Avenue
> Kansas City, Missouri 64106

A copy of the list is also available in the Court Administrator's Office or can be obtained from the Court's Home Page. (http://www.state.mo.us/sca/circuit16/)

The list is provided only as a convenience to the parties in selecting a neutral. The parties may agree to select any neutral they wish, whether or not the neutral is on the list.

The KCMBA cannot advise you on legal matters and can only provide you with the list. You should ask your lawyer for further information. If you do not have a lawyer, you may call the Kansas City Metropolitan Bar Association Lawyer Referral Service at 816/221-9472 for help in obtaining one.

Further information about dispute resolution procedures is available on a recording maintained by the KCMBA as part of its "Tel-Law" service. To reach the recording, call 816/474-4100 on a touch-tone phone and press 152 when asked to dial the Tel-Law category you wish to hear.

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MICHAEL'S CLOTHING COMPANY, INC.,
for the use of THE PHOENIX INSURANCE
COMPANY,

        Plaintiff,

v.

SOUTHERN UNION COMPANY d/b/a
MISSOURI GAS ENERGY,
Serve: CT Corporation
       120 South Central Avenue
       Clayton, MO 63105

        Defendant.



Case No.: 03CV201464

Division 3, Floor _____

Judge _____

### PETITION FOR DAMAGES

Plaintiff Michael's Clothing Company, Inc., for the use of The Phoenix Insurance Company, states as follows for its Petition for Damages against defendant Southern Union Company d/b/a Missouri Gas Energy:

### PARTIES

1. Michael's Clothing Company, Inc. ("Michael's") is a Missouri corporation organized and existing under the laws of the State of Missouri with a principal place of business at 1830 Main Street, Kansas City, Missouri, and at all times relevant herein was doing business in Jackson County, Missouri.

2. The Phoenix Insurance Company ("Phoenix") is an insurance company, duly licensed to issue policies of insurance and conduct business within Kansas City, Jackson County, Missouri.

3. Southern Union Company ("Southern") is a publicly owned international energy company primarily engaged in the distribution of natural gas through its four (4) natural gas operating divisions, and is authorized to do business in the State of Missouri, and does business as Missouri Gas Energy ("MGE") within the State of Missouri, including Jackson County, Missouri.

4. At all times relevant, Phoenix provided insurance coverage to Michael's under policy number IN680 351H8262 for losses occasioned by all risks, including water damage.

### VENUE AND JURISDICTION

5.  Venue and jurisdiction are proper in Jackson County, Missouri in that the property which is the subject of this lawsuit is located at 1830 Main Street, Kansas City, Jackson County, Missouri, and the events giving rise to this cause of action occurred in Jackson County, Missouri.

### FACTUAL BACKGROUND

6.  Up to and including July 6, 2000, Michael's owned and operated a men's clothing store located at 1826 Main Street, Kansas City, Missouri. At all times relevant, the business of Michael's was located in a two-story building, including a basement.

7.  Upon information and belief, on or about April 24, 2000, a representative of Michael's reported to MGE the smell of natural gas in the premises.

8.  Thereafter, representatives of MGE arrived at the premises of Michael's and performed aeration of the street in front of the building in which Michael's is located.

9.  Upon information and belief, MGE detected a leak in the gas line under the street adjacent to Michael's.

10. At all times relevant, the basement of the business premises of Michael's consisted of three (3) rooms, one of which was used for a kitchen and the two (2) other rooms were used for storage. At all times relevant, one of the storage rooms, measuring approximately 40 feet by 8 feet, was located immediately underneath the sidewalk adjacent to the street in front of the building in which Michael's is located. The larger storage room, measured approximately 40 feet by 70 feet.

11. Subsequent to the aeration work performed by MGE in April, 2000, water began to seep into the basement of the business premises of Michael's. Specifically, the basement wall adjacent to the street in the smaller of the two (2) storage rooms began to leak.

12. On July 6, 2000, an alarm sounded in Michael's, indicating that the fire alarm system located in the basement of the premises was not working. The alarm served to notify the fire department. A sprinkler system is also located in the basement of the premises. Thereafter, a

representative of Michael's opened the basement door to investigate the alarm and found the basement entirely submerged in water.

13. Upon information and belief, at the same time of the flooding the basement of Michael's, a hole in the street outside of the building appeared, causing water to shoot out onto the street.

14. Upon information and belief, the municipal water department and a private plumber were notified of the hole in the street and the water shooting out onto the street.

15. The plumber excavated a pipe to a fire suppression system which led into the basement of Michael's. At the time of its excavation, this pipe contained a Y-shaped crack.

16. Upon information and belief, this crack was caused by the work performed by MGE.

17. The leakage of water in the basement of Michael's caused severe and extensive damage to Michael's inventory and property stored within the business premises which it lawfully owned and occupied.

18. Pursuant to the terms of its policy of insurance, Phoenix compensated its insured, Michael's, for its property loss. By virtue of this payment to its insured and pursuant to its policy, Phoenix was and is subrogated to the rights, remedies and claims of its insured, Michael's, to the extent of the payment made.

## COUNT I – NEGLIGENCE

19. Plaintiff incorporates by reference each and every statement and allegation of this Petition set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. At all times relevant, MGE had the duty to exercise reasonable care and caution in repairing the subject property so as to avoid harming Michael's business and damaging and destroying Michael's property.

3

21. Specifically, MGE had a duty to, among other things, take the necessary precautions to properly detect the nature of any natural gas leaks at the business premises of Michael's and to properly perform any and all work related to the repair of any such leaks.

22. Notwithstanding the aforesaid duty and in breach thereof, Defendant MGE committed one or more of the following negligent acts and/or omissions:

    a. Carelessly, negligently and improperly failed to properly perform the work related to the repair of the gas leak at the business premises of Michael's in a workmanlike manner;

    b. Carelessly, negligently and improperly failed to repair the subject property to prevent harming Michael's business and damaging and destroying Michael's property;

    c. Carelessly, negligently and improperly failed to take prompt and appropriate action to avoid harming Michael's business and damaging and destroying Michael's property; and

    d. Was otherwise careless and negligent.

23. As a direct and proximate result of one or more or all of the foregoing careless, negligent and improper acts and/or omissions of Defendant, MGE, water leaked into the basement wall adjacent to the street in the smaller of the two (2) storage rooms of the subject property causing severe water leakage into the basement of Michael's.

24. The aforesaid leaking water significantly damaged Michael's inventory, other property, and caused Michael's to sustain business interruption and other expenses.

WHEREFORE, Plaintiff Michael's prays for the entry of judgment in its favor and against defendant MGE in an amount the Court deems fair and reasonable, together with prejudgment

interest, costs, attorney fees as allowed by law, and for any other such relief as the Court deems just and proper.

McLEOD NASH & FRANCISKATO

By *[signature]*

| | |
|---|---|
| Dean Nash | MO #43907 |
| Brian S. Franciskato | MO #41634 |
| Jeff Heinrichs | MO #54751 |

1100 Main Street, Suite 2900
Kansas City, Missouri 64105
(816) 421-5656
FAX: (816) 421-3339

and

Richard W. Strawbridge
S. Ellyn Farley
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) /855-1010
FAX: (312) 606-7500

**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MICHAEL'S CLOTHING COMPANY, INC.,
for the use of THE PHOENIX INSURANCE
COMPANY,

        Plaintiff,

v.

SOUTHERN UNION COMPANY d/b/a
MISSOURI GAS ENERGY,
Serve: CT Corporation
      120 South Central Avenue
      Clayton, MO 63105

        Defendant.

Case No.: 03CV201464

Division 3, Floor ____

Judge ____

FILED-CIRCUIT COURT
JACKSON COUNTY
03 JAN 17 PM 4:31

### ENTRY OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL

Dean Nash, Brian S. Franciskato and Jeff Heinrichs of McLeod Nash & Franciskato enter their appearance as counsel for Plaintiff in the above-captioned matter.

Dean Nash is designated as lead counsel.

McLEOD NASH & FRANCISKATO

By _____
    Dean Nash             MO #43907
    Brian S. Franciskato   MO #41634
    Jeff Heinrichs        MO #54751
1100 Main Street, Suite 2900
Kansas City, Missouri 64105
(816) 421-5656
FAX: (816) 421-3339

and

Richard W. Strawbridge
S. Ellyn Farley
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) /855-1010
FAX: (312) 606-7500

**ATTORNEYS FOR PLAINTIFF**